IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD SIMON, JANELLE SIMON,
ERIC CURTIS AND JOSE VEGA,

       Plaintiffs,

vs.                                                                                                  No. CIV 12-0096 JB/WPL

HEATH TAYLOR, JERRY WINDHAM,
PAT WINDHAM, MARTY L. COPE, ARNOLD
J. REAL, B. RAY WILLIS, THOMAS FOWLER,
LARRY DELGADO, AND THE NEW MEXICO
RACING COMMISSION,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion for Final Judgment and Order of Dismissal with Prejudice with Respect to Mary L. Cope, Arnold J. Rael, B. Ray Willis, Thomas Fowler, Larry Delgado and the New Mexico Racing Commission, filed February 10, 2014 (Doc. 44)("Motion").  The Court held a hearing on July 11, 2014.  The primary issue is whether the Court should dismiss with prejudice and enter final judgment as to the claims of the Plaintiffs Richard Simon, Janelle Simon, Eric Curtis, and Jose Vega against the Defendants Marty L. Cope, Arnold J. Real, B. Ray Willis, Thomas Fowler, Larry Delgado, and the New Mexico Racing Commission ("the State Defendants").  Pursuant to the parties' agreement at the hearing, the Court will grant the Motion in part and deny it in part: the Court will enter an order dismissing the Plaintiffs' claims against the State Defendants with prejudice, but will not enter final judgment at this time or include the language from rule 54(b) of the Federal Rules of Civil Procedure making the dismissal order immediately appealable.

In the Motion, the State Defendants point the Court to its Memorandum Opinion, filed

October 29, 2013 (Doc. 36)("MO"), in which the Court granted in part and denied in part Defendants Marty L. Cope, Arnold J. Real, B. Ray Willis, Thomas Fowler, Larry Delgado, and the New Mexico Racing Commission's Motion to Dismiss under Rule 12(b)(6) and Memorandum in Support, filed November 20, 2012 (Doc. 22), and dismissed the Plaintiffs' claims against the State Defendants. See Motion ¶ 1, at 1; MO *passim*. In the MO, although the Court did not allow the Plaintiffs leave to amend, because the Plaintiffs did not comply with D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend."), the Court left open the possibility that the Plaintiffs could file a motion to amend that complied with Rule D.N.M.LR-Civ. 15.1 at the October 29, 2013, scheduling conference. MO at 78. The State Defendants point out that the scheduling conference has come and gone, as has the deadline that the parties set in the Joint Status Report and Provisional Discovery Plan, filed October 24, 2013 (Doc. 35) -- which the Court generally adopted, see Order Adopting Joint Status Report and Provisional Discovery Plan, filed November 8, 2013 (Doc. 39) -- and stated that the Plaintiffs have not moved to amend. See Motion ¶¶ 2-5, at 1-2. The State Defendants, therefore, ask the Court to "issue a Final Judgment and Order of Dismissal with Prejudice" as to them. Motion ¶ 6, at 2. The State Defendants assert that they have asked for the Plaintiffs' concurrence and that the Plaintiffs' counsel "stated that he does not believe a further order is necessary but that he would concur in the Motion so long as [the] order requested and entered is without prejudice." Motion ¶ 7, at 2. They also note that Defendants Heath Taylor, Jerry Windham, and Pat Windham ("the Private Defendants") do not object to the Motion. Motion ¶ 7, at 2. Accordingly, the State Defendants ask the Court to issue an order "dismissing this action against them with prejudice, and such other and further relief as the Court deems just and

proper." Motion at 2.[1]

The Plaintiffs respond:

> Plaintiffs contend the Court's earlier order concerning the Motion to Dismiss is sufficient to resolve the claims against the State Defendants. Nevertheless, should the Court desire to sign an additional order dismissing the State Defendants, Plaintiffs request that the order be without prejudice. In light of the fact claims remain against the private defendants, Plaintiffs desire to continue with those claims while not distracting the Court and the parties with the claims against the State Defendants. Should the Court enter an order with prejudice, Plaintiffs may be forced to proceed with an appeal of the State Defendant issues while the private claims move forward. Furthermore, depending upon the resolution of the claims against the private defendants, Plaintiffs may not require or desire to proceed on the claims against the State Defendants.
>
> For these reasons, Plaintiffs contend the current order is sufficient. In the alternative, Plaintiffs request the Court sign an order dismissing the claims against the State Defendants, without prejudice. When, if ever, Plaintiffs desire to pursue claims against the State Defendants, the Court can decide the matters with prejudice.

Response to State Defendants' Motion for Final Judgment at 1-2 (citation omitted), filed February 24, 2014 (Doc. 45)("Response"). Accordingly, the Plaintiffs ask the Court to deny the Motion. See Response at 2.

The State Defendants reply:

> 1. In its Memorandum Opinion filed on October 29, 2013, [Document 36] the Court dismissed all claims against the Commission Defendants and the Commission[] without prejudice.
>
> 2. The Memorandum Opinion was a dismissal without prejudice as it allowed Plaintiffs an opportunity to file a Motion to Amend the Complaint. The Memorandum Opinion also cannot be deemed to be a final order due to its providing the opportunity for Plaintiffs to amend their complaint.

---

[1] Although the Motion does not, in this paragraph, ask the Court to enter final judgment as to them, it is clear from the context that the State Defendants also want the Court to enter final judgment.

>       3.      On November 8, 2013, the Court entered its Order [Document 39] adopting the Joint Status Report and Provisional Discovery Plan [Document 35] which had provided Plaintiffs a deadline of January 31, 2014 to file its Motion to Amend the Complaint.
>
>       4.      Plaintiffs failed to file a Motion to Amend the Complaint within the time allowed.  Plaintiffs did not seek additional time to file a Motion to Amend the Complaint.
>
>       5.      Plaintiffs have had many opportunities to pursue legitimate claims against the Commission Defendants and the Commission.  The Court also provided Plaintiffs an additional opportunity to pursue legitimate claims against these defendants by allowing time to amend their complaint after having dismissed all current claims against these defendants.  Plaintiffs by failing to pursue the Motion to Amend indicate that they have no legitimate claims to pursue against these defendants.
>
>       6.      Plaintiffs claim that by the Court issuing its Order to Dismiss with Prejudice, in favor of the Commission Defendants and the Commission, that it will distract this Court and the parties as the plaintiff may potentially appeal the Court's order while the case against the private defendants is being litigated. An appeal of the Court's Order would have no effect on either the Court or the private defendants. While it might divide the attention of the Plaintiff's counsel it is no more than is to be expected in any litigation nor is it more than they accepted when they determined to sue multiple defendants.

Defendants Marty L. Cope, Arnold J. Real, B. Ray Willis, Thomas Fowler, Larry Delgado, and the New Mexico Racing Commission's Reply in Sup[p]ort of Motion for Final Judgment and Order of Dismissal with Prejudice, filed February 24, 2013 (Doc. 45)("Reply").  Accordingly, the State Defendants ask the Court to "enter an Order of Final Judgment and Dismissal with Prejudice and such other and further relief as the Court deems just and proper."  Reply at 2.

During the hearing, the parties agreed to a procedure: the Court will enter an order dismissing the Plaintiffs' claims against the State Defendants with prejudice, but will not enter final judgment at this time.  The Court will not include the language in rule 54(b) making that order appealable.  That procedure will enable the litigation against the Private Defendants to

- 4 -

proceed without requiring the Plaintiffs to decide immediately whether to appeal the Court's decision as to their claims against the State Defendants. Accordingly, the Court will grant the Motion in part and deny it in part: the Court will enter an order dismissing the Plaintiffs' claims against the State Defendants with prejudice, but will not enter final judgment at this time or include the language from rule 54(b) making the dismissal order immediately appealable.

**IT IS ORDERED** that the Motion for Final Judgment and Order of Dismissal with Prejudice with Respect to Mary L. Cope, Arnold J. Rael, B. Ray Willis, Thomas Fowler, Larry Delgado and the New Mexico Racing Commission, filed February 10, 2014 (Doc. 44), is granted in part and denied in part. The claims of the Plaintiffs Richard Simon, Janelle Simon, Eric Curtis, and Jose Vega against the Defendants Marty L. Cope, Arnold J. Real, B. Ray Willis, Thomas Fowler, Larry Delgado, and the New Mexico Racing Commission are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Robert H. Fritz, III
Fritz Law Firm
Houston, Texas

--and--

Chad W. Dunn
Brazil & Dunn
Houston, Texas

    *Attorneys for the Plaintiffs*

Billy R. Blackburn
Blackburn Law Office
Albuquerque, New Mexico

--and--

Brian O'Toole
Brian O'Toole, P.C.
Austin, Texas

    *Attorneys for Defendants Heath Taylor, Jerry Windham, and Pat Windham*

Gary K. King
  Attorney General of New Mexico
Sally Galanter
  Assistant Attorney General
Albuquerque, New Mexico

    *Attorneys for Defendants Marty L. Cope, Arnold J. Rael, B. Ray Willis, Thomas Fowler, Larry Delgado, and the New Mexico Racing Commission*